IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                            Case No. 3:23-cr-00079 KGB

HEYSON ELY PENA-MANCIA                                                                       DEFENDANT

**ORDER**

Before the Court is defendant Heyson Ely Pena-Mancia's motion to dismiss indictment (Dkt. No. 20). The government responded in opposition to the motion (Dkt. No. 21).

Motions to dismiss indictments are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12(b)(1) states, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). A court "must decide every pretrial motion before trial unless it finds good cause to defer a ruling" and "must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). "Courts may not. . . make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'" *Turner*, 842 F.3d at 605 (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)).

"An indictment survives a motion to dismiss for failure to state an offense if 'the indictment contains a facially sufficient allegation.'" *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 817 (2022) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). "An indictment is legally sufficient on its face if it contains all of the essential

elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012) (citing *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)). "'In reviewing the sufficiency of an indictment, [the Court] accept[s] the government's allegations as true, without reference to allegations outside the indicting document[,]'" *Id.* at 1107 n.2 (quoting *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991)), and does not consider the sufficiency of the evidence. *See Ferro*, 252 F.3d at 968 (*quoting United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

Here, Mr. Pena-Mancia is charged in the indictment with violating 18 U.S.C. § 922(g)(5)(A). He does not dispute that the indictment "contains all of the essential elements of the offense charged," "fairly informs [him] of the charges against which he must defend," or "alleges sufficient information to allow [him] to plead a conviction or acquittal as a bar to a subsequent prosecution." *Steffen*, 687 F.3d at 1109. So, on its face, the indictment contains the essential elements of the alleged offense and informs Mr. Pena-Mancia of the charge he must defend against.

Mr. Pena-Mancia seeks to dismiss the indictment by arguing that the Second Amendment covers his conduct because he is a person. His argument is foreclosed by binding precedent. *United States v. Sitladeen*, 64 F.4th 978, 988–89 (8th Cir. 2023). His motion to dismiss is denied (Dkt. No. 20).

It is so ordered this 6th day of November, 2024.

_____
Kristine G. Baker
Chief United States District Judge